NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LEI ZHANG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    16-70227

Agency No. A089-893-702

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2022[**]
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and ROSENTHAL,[***]
District Judge.

Lei Zhang, a native and citizen of China, petitions for review of a decision of

the Board of Immigration Appeals ("BIA") dismissing his appeal from an order of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Lee H. Rosenthal, Chief United States District Judge
for the Southern District of Texas, sitting by designation.

an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition.

1. Substantial evidence supported the IJ's adverse credibility determination, which the BIA affirmed. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). The omission in Zhang's declaration about an attempted "sit-in protest" supports the adverse credibility determination because Zhang's efforts to petition were the claimed nexus for his alleged persecution based on political opinion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (noting that it is "not unreasonable for the IJ to be suspicious" when an applicant later introduces incidents "which would have added great weight to his claim of political persecution"). Likewise, Zhang's inconsistent and contradictory testimony about his mother's death certificate supports the adverse credibility finding. The IJ was not required to accept Zhang's explanations for the inconsistencies, *see id.*, nor to give substantial weight to the letter from Zhang's sister-in-law, *see Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020). Absent his testimony, Zhang did not establish a reasonable likelihood of persecution if removed to China, and thus failed to show eligibility for asylum, *see Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010), or withholding of removal, *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016).

2. Substantial evidence supported the denial of CAT relief. In the absence of his testimony, Zhang did not show a likelihood of torture if removed to China. *See*

2

*Yali Wang*, 861 F.3d at 1009.

**PETITION DENIED.**